# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

IRAN OLIVER NEAL                                                                                PLAINTIFF

v.                                          CIVIL ACTION NO. 3:09CV-P400-H

DET. MONA SULLIVAN *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint (DN 1) and its amendment (DN 9) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff Iran Oliver Neal is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings suit under 42 U.S.C. § 1983 against the following twenty-two Defendants: 1) Detective Mona Sullivan of the Louisville Metro Police Department (LMPD); 2) Regina Glenn, victim of Plaintiff's alleged criminal charges; 3) Stacy Grieve, Assistant Commonwealth's Attorney; 4) David Nicholson, Jefferson County Circuit Court Clerk; 5) Sergeant Andy Abbott of the LMPD; 6) Detective Dennis Sims of the LMPD; 7) Dawn Ross Katz, Forensic Scientist Specialist II at the Jefferson Laboratory Branch; 8) Marci Adkins, Forensic Scientist Specialist II at the Jefferson Laboratory Branch; 9) Shiann N. Sharpe, Official Custodian of Records for the Kentucky State Police; 10) Kentucky Attorney General Jack Conway; 11) Assistant Attorney General Amye Bensenhauer; 12) Assistant Attorney General James Ringo; 13) Roger Wright, counselor at the Kentucky State Police Legal Office; 14) Ms. Colvin, Legal Material Research Assistant at LMDC; 15) LMDC Officer Laura McKune; 16) LMDC Supervisor Jamie Allen; 17) former LMDC Director Tom Campbell;

18) current LMDC Director Mark Bolton; 19) LMDC Detective John Shifflett; 20) Louisville Metro Government Mayor Jerry Abramson; 21) Jefferson County Commonwealth's Attorney Dave Stengel; and 22) Defendant Elizabeth Jones Brown, Assistant Jefferson County Commonwealth's Attorney. He sues Defendant Regina Glenn in her individual capacity and sues all other Defendants in their individual and official capacities.

Plaintiff divides the complaint into seven sections, which will be discussed in greater detail later in the opinion. As relief, he seeks monetary and punitive damages and injunctive relief. Specifically, with respect to injunctive relief, he seeks an order directing Defendants to work together to disclose to the public and provide Plaintiff with information demonstrating that no DNA evidence links him to the alleged 2002 crime; an order directing Defendants to "work out a suitable plan for his soon release from custody"; and for this Court to exercise jurisdiction over state action 09CI00034 pending in Franklin Circuit Court.

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.     42 U.S.C. § 1983**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

3

*Counts One and Four*[1]

With respect to Count One, Plaintiff claims that he was arrested on June 3, 2008, by LMPD, and falsely accused of one count each of rape in the first degree, sodomy in the first degree, burglary in the first degree, and assault in the second degree, for an alleged incident occurring on July 3, 2007, against Defendant Glenn. During the probable cause hearing on June 16, 2008, Defendant Detective Sullivan testified, probable cause was found, and the charges were waived over to the grand jury. Plaintiff claims that during the grand jury proceeding on August 13, 2008, Defendant Assistant Commonwealth's Attorney Grieve and Defendant Det. Sullivan "knowingly willingly, intentionally and purposefully gave untruthful materially false and misleading testimony, which impeded, dissuaded and obstructed the grand jury of its duty of pursuing its investigation for the whole truth." Further, according to Plaintiff, "when jurors sought for defendant Regina Glenn's testimony, who was present, defendants [] Sullivan and [] Grieve both obstructed jurors, continued giving perjurious testimony, dissuasion and their actions deceived the grand jury to return and indictment #08CR2392 against Plaintiff." Plaintiff alleges a federal conspiracy claim, Fifth and Fourteenth Amendment violations, and violation of 18 U.S.C. § 1621.

As to Count Four, Plaintiff claims that on or about February 5, 2009, Defendant Assistant Commonwealth's Attorney Brown gave him "an ultimatum for a 10 year sentence with the threat that if he did not accept it, he would be indicted on PFO1 and additional rape charges." On that same date, claims Plaintiff, he was indicted on one count each of rape in the first degree and complicity allegedly occurring in June 2007. Plaintiff claims that these charges were "falsified

---

[1] These counts will be addressed together due to the similarity of the claims asserted.

and fabricated" by non-defendant Teresa Rogers and Defendants Det. Shifflett, Det. Sullivan, and Assistant Commonwealth's Attorney Brown. He further claims that at some point Defendant Det. Sullivan purposefully gave perjurious and untruthful testimony which impeded and obstructed the grand jury, deceiving the jurors to return an indictment against him. Plaintiff alleges a conspiracy, violation of the Fifth and Fourteenth Amendments, and a violation of 18 U.S.C. § 1621.

First, with respect to Defendant Glenn, she is private individual. Plaintiff's claim of conspiracy among the Defendants is broad and conclusory. Thus, he has failed to allege facts demonstrating that she acted in concert or conspiracy with any state actor. As such, § 1983 has no applicability to Defendant Glenn. Further, Plaintiff fails to allege any wrongdoing by Defendant Glenn. Thus, Count One will be dismissed as to Defendant Glenn.

Second, "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983)); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 442 (6th Cir. 2006) ("[A]bsolute witness immunity applies to witness testimony before a grand jury."). "Thus, it is clear that [Defendant Det. Sullivan] would be insulated from liability for any testimony that [she] provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock*, 167 F.3d at 1001; *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) (finding police officers immune with regard to testimony before a grand jury). Similarly, Defendant Assistant Commonwealth's Attorney is absolutely immune from suit while acting in her role as advocate during the grand jury proceeding. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were

5

absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Third, Plaintiff claims that he was falsely accused in June 2008 and that the February 2009 charges were falsified and fabricated. To the extent that Plaintiff's criminal proceedings are still pending in state court, the *Younger* abstention doctrine applies requiring dismissal without prejudice.

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case(s), over which the Commonwealth of Kentucky has an important state interest in adjudicating. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his claims, and, if convicted, he still has a number of state-court remedies available via direct appeal and the filing of post-conviction motions. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at

6

this time.² *See Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

Finally, Plaintiff additionally alleges a violation of 18 U.S.C. § 1621, which is a federal criminal perjury statute, providing for criminal fines and/or imprisonment. As this statute provides for no private cause of action or civil remedy, § 1621 is inapplicable, and any claim thereunder must be dismissed.

For the foregoing reasons, Counts One and Four will be dismissed.

*Count Two*

Plaintiff reports that on September 8, 2008, Defendant Sgt. Abbott "went before the television medias maliciously portraying and characterizing petitioner as a serial rapist, falsely and maliciously stating that DNA evidence and a chance encounter led to petitioner's arrest . . . and [] that DNA linked petitioner to three other rape cases dating back to September 2002." Plaintiff additionally reports that Defendant Sgt. Abbott went to the Courier-Journal and the Louisville Times newspapers with such statements. Plaintiff alleges that Defendant Abbott committed slander against him.

"[I]njury to reputation by itself [is] not a 'liberty' interest . . . ." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). "The Supreme

---

²In the unlikely event that the criminal proceedings/appeals have ended, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the Supreme Court recognized that a state prisoner may not file a § 1983 suit challenging his conviction or sentence if a ruling on his claim would necessarily render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff has not alleged that any of the indictments challenged in his complaint have been overturned or otherwise invalidated.

Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) (quoting *Paul v. Davis*, 424 U.S. at 702). "Rather, the Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law." *Id.* (citing *Paul v. Davis*, 424 U.S. at 710-11); *Cutshall v. Sundquist*, 193 F.3d 466, 479 (6thCir. 1999) ("Cutshall has not cited, and we have not found, any case recognizing a general right to private employment."). Plaintiff has not alleged either situation.

Thus, because "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation," *Siegert*, 500 U.S. at 233, Plaintiff has failed to state a federal constitutional claim upon which relief may be granted against Defendant Sgt. Abbott with respect to Count Two.

### *Count Three*

Plaintiff alleges that on October 2, 2008, he mailed an Open Records Request to Defendants Katz and Adkins, Forensic Scientist Specialists, seeking the test results of the alleged DNA that links him to the crimes for which he has been indicted. On October 15, 2008, Defendant Sharpe, official custodian of the record, denied the request because the information was part of pending investigations, and on October 29, 2008, Defendant Wright, on behalf of the Kentucky State Police, denied the appeal. Thereafter, believing that the Attorney General's Office had ordered Defendant Sharpe to release the records, Plaintiff wrote a letter to the Attorney General's Office asking it to compel Defendant Sharpe to release the records. On

8

November 6, 2008, Defendant Assistant Attorney General Bensenhauer responded to Plaintiff's letter advising that the Office did not order Defendant Sharpe to release the records and further advising that the issue pending before it regarding his right to obtain a copy of the records had not yet been resolved. Shortly thereafter, on November 20, 2008, Defendant Assistant Attorney General Ringo issued an Open Records Decision concluding that the Kentucky State Police did not violate the Open Records Act in denying Plaintiff's copy requests. Plaintiff contends that at the time of filing the complaint, he has yet to be given the requested records, and he alleges a conspiracy and violation of the Fifth, Eighth, and Fourteenth Amendments.

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's allegation of a conspiracy is broad and conclusory and fails to state a claim. He has not alleged that there was a single plan, that the alleged conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury. *See Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).

The Eighth Amendment prohibits cruel and unusual punishment and applies only to convicted prisoners. Because Plaintiff appears to be a detainee awaiting trial and has set forth no allegations demonstrating any cruel and unusual punishment, he fails to state a cognizable Eighth Amendment claim.

"The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Bybee v. City of Paducah*, 46 F. App'x 735, 737 (6th Cir. 2002) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981) and *Walker v. Hughes*, 558 F.2d 1247,

1257 (6th Cir. 1977)). Plaintiff, in challenging the actions of the state government, fails to state a Fifth Amendment due process violation.

Plaintiff additionally fails to demonstrate the denial of due process under the Fourteenth Amendment. Plaintiff made an Open Records Request, appealed the denial, and received an Open Records Decision from the Attorney General's Office. He has not alleged any ill or malicious intent on the part of any Defendant involved in the Open Records process. Plaintiff does not allege that he is representing himself in his criminal actions, and he does not allege that his counsel has been denied the evidence in the court of his criminal proceedings. As presented, Plaintiff only challenges the denial of his Open Records Request, not the withholding of evidence in his criminal actions.[3]

For these reasons, Count Three will be dismissed.

*Count Five*

Plaintiff reports that in May 2009, he was again indicted on one count each of rape, kidnaping, and assault in indictment no. 09CR1317. He claims that these charges are also fabricated and falsified by Defendants Det. Shifflett and Sgt. Abbott and non-defendant Danielle DeBerry. He alleges federal claims of malicious prosecution and conspiracy and a violation of the Fifth and Fourteenth Amendments.

"While the state of the law of malicious prosecution is somewhat uncertain in this circuit, it nonetheless remains firmly established that where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie." *McKinley v. City of Mansfield*, 404 F.3d

---

[3]To the extent he may be alleging the withholding of evidence in his pending criminal prosecutions, the Court must abstain under the *Younger* abstention doctrine in light of an ongoing state-court criminal trial. *See Younger v. Harris*, 401 U.S. 37 (1971). This is a claim that can be redressed during his criminal trial and on direct appeal.

418, 444-45 (6th Cir. 2005) (internal citations omitted). Further, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) ("*Heck* held that a claim of malicious prosecution does not accrue until the underlying conviction is invalidated, and this holding was reaffirmed in *Wallace[v. Kato]*, 549 U.S. 384, 394 (2007)); *Lillard v. City of Murfreeboro*, No. 3:07-1036, 2009 WL 2047048, at *8 (M.D. Tenn. July 10, 2009) ("For malicious prosecution claims under section 1983, the cause of action accrues, and the statute begins to run, when the underlying criminal proceeding terminates in the plaintiff's favor."). Here, Plaintiff has not alleged that the criminal proceeding against him has been terminated in his favor. He, therefore, fails to state a cognizable malicious prosecution claim at this time, and that claim will be dismissed.

Like all other conspiracy claims asserted in the complaint, the claim here is broad and conclusory and lacks the specificity necessary to make out such a claim.

Lastly, the Court must abstain under the *Younger* doctrine from addressing the false-charges claim and dismiss that claim without prejudice.

For the foregoing reasons, Count Five will be dismissed.

*Count Six*

Plaintiff claims that on February 6, 2009, he submitted a criminal complaint against Defendant Glenn in state court. On April 8, 2009, Plaintiff sent a letter to Defendant Circuit Clerk Nicholson but heard nothing from him. Plaintiff alleges a violation of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

11

Any denial-of-access-to-courts claim fails because Plaintiff has not been denied the opportunity to present a civil action. Rather, he has not been allowed to pursue a criminal complaint, which does not constitute a constitutional claim under any Amendment to the Constitution. *See, e.g., Taylor v. Matthews*, No. C 97-1503 FMS(PR), 1997 WL 257507, at *1 (N.D. Cal. May 6, 1997) (finding that police officers failed to violate plaintiff's constitutional rights when they failed to take plaintiff's complaint for criminal charges against the victim of the crime for which he was convicted). Plaintiff's due process challenge fails, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

Count Six must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

### *Count Seven*

Finally, Plaintiff claims that he filed a grievance on March 5, 2009, against Defendant Colvin, Metro Corrections Research Assistant, for denying him adequate access to legal material, such as the Criminal Law of Kentucky and Prisoner's Self Help Litigation Manual. Plaintiff reports that Defendant Allen denied the grievance and that Defendant McKune denied

its appeal, thereby condoning Defendant Colvin's actions. Plaintiff seems to allege that these actions prevented him from "perfecting his claims" in the instant action and from "effectively assisting in his defense to the multiple criminal changes against him."

Plaintiff filed his action in this Court and responded to two orders from the Court directing him to amend his complaint. He fails to show how the foregoing Defendants' actions prevented him from "perfecting his claims" in this Court. Despite the Court's conclusion that Plaintiff's action must be dismissed, Plaintiff was able to access this Court and present his claims. As to his claim that he is unable to effectively *assist* in his defense, he apparently has counsel representing him in his criminal action. "[A] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Count Seven must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

**B.      State-law claims**

Plaintiff alleges numerous state-law claims under each count raised in the complaint. Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## IV.  <u>CONCLUSION</u>

For all the reasons set forth more fully above, the Court will dismiss the action by separate Order.

Date:




cc: Plaintiff, *pro se*
      Defendants
4412.005